AO 245B(Rev. 02/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 1:17CR00106-003<br>USM Number: 15730-028 |
| KELLY JOE SPINKS, JR. | Steven D. Allen<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 6

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21§841(a)(1) and 846 | Conspiracy to Possess With Intent to Distribute and/or Distribute 1,000 Kilograms or More of Marijuana Mixture | 04/14/2017 | 1 |
| 18§1957 | Money Laundering | 09/06/2016 | 6 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2 is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

March 8, 2019
Date of Imposition of Sentence:

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Date: 3/13/2019



A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By _____
Deputy Clerk

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **140 months; 140 months on Count 1 and 60 months on Count 6, to be served concurrently.**

☒ The Court makes the following recommendations to the Bureau of Prisons:
- **Participation in RDAP, mental health services and educational and vocational programming as near to Indianapolis as possible, such as FCI Manchester, Kentucky.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY: _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years; 5 years on Count 1 and 3 years on Count 6, to be served concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not use or possess alcohol.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

19. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

20. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

21. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

22. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment, substance abuse testing, and mental health treatment. The probation officer shall determine your ability to pay and any schedule of payment.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                                 Date

_____        _____
U.S. Probation Officer/Designated Witness  Date

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **JVTA Assessment**[1] | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $200.00 |  | $1,000.00 |  |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**[2] | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☒ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[2] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due
       ☐   not later than _____, or
       ☐   in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F or ☐ G below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s): _____

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:

   **See list of forfeitures on pages 8 and 9.**

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

## FORFEITURES

1. $3,757,933.38 in U.S. currency;

2. a 2014 Dodge Ram 2500 Longhorn, bearing VIN: 3C6UR5GL1EG266206 (Asset Identification Number 17-DEA-630438);

3. a 2016 Dodge Challenger SRT Hellcat, bearing VIN: 3CDXL99GH338804 (Asset Identification Number: 17-DEA-630517);

4. a 2016 Dodge Charger SRT Hellcat, bearing VIN: 2C3CDZC94GH299244 (Asset Identification Number 17-DEA-630415);

5. a 2012 Arctic Cat Wildcat 1000i, bearing VIN: 4UF12MDVXCT309462 (Asset Identification Number 17-DEA-630416);

6. a 2008 Harley-Davidson FLHT Classic, bearing VIN: 1HD1FF4148Y626638 (Asset Identification Number 17-DEA-630417)

7. a 2014 Chevrolet Impala LTZ, bearing VIN: 2G1155S31E9146178 (Asset Identification Number 17-DEA-630428);

8. a 2016 Homesteader Patriot 824 trailer, bearing VIN:5HABE242GN047583 (Asset Identification Number 17-DEA-630439);

9. a 2016 GMC Sierra K3500 Denali, bearing VIN: 1GT12UE85GF170124 (Asset Identification Number 17-dea-630450);

10. a 2010 Harley-Davidson FLHX, bearing VIN: 1HD1KB413AB656291 (Asset Identification Number 17-DEA-630499);

11. a 2015 GMC Sierra K3500 Denali, bearing VIN: 1GT424E86FF517102 (Asset Identification Number 17-DEA-630513);

12. a 2012 Harley-Davidson FLHX Street Glide, bearing VIN: 1HD1KBM12CB646774 (Asset Identification Number 17-DEA-630524);

13. a men's Rolex Presidential watch;

14. a 14 KT yellow gold men's diamond bracelet;

15. a 14 KT yellow gold hand assembled diamond side pendant and chain;

16. a 14 KT yellow gold hand assembled side pendant (all jewelry is collectively known as Asset Identification Number 17-DEA-630709);

17. 1-Sig Sauer (SIG-ARMS) 1911 .45-caliber pistol, bearing serial number 54B103649;

18. 1-Harrington and Richardson 622 .22-caliber pistol, bearing serial number U28424;

19. 1-Sig Sauer (SIG-ARMS) P238 .380-caliber pistol, bearing serial number 27A064559;

DEFENDANT: Kelly Joe Spinks, Jr.
CASE NUMBER: 1:17CR00106-003

## FORFEITURES CONTINUED

20. 1-Zastava M59/66 762-caliber rifle, bearing serial number G222560;

21. 1-Kimber Ultra Shadow LE II .45-caliber pistol, bearing serial number KUSLE267;

22. 1 Winchester 1300 12-caliber shotgun, bearing serial number L2249505;

23. 1-FN (FN HERSTAL) PS90 57-caliber rifle, bearing serial number FN089696;

24. 1-Smith & Wesson M&P 15 5.56-caliber rifle, bearing serial number SP75407;

25. 1-Colt New Agent .45-caliber pistol, bearing serial number GT13941;

26. 1-Ruger Mini 30 762-caliber rifle, bearing serial number 189-49114;

27. 1-Izhmash (IMEZ) Saiga 762-caliber rifle, bearing serial number H04740222;

28. 1-Smith & Wesson Governor 45/410-caliber rifle, bearing serial number CUV5161;

29. 1-Keltec, CNC Industries, Inc. .9-caliber rifle, bearing serial number E0603;

30. 1-Smith & Wesson Governor 629 .44-caliber rifle, bearing serial number CXZ1864;

31. 1-Glock GMBH 30 .45-caliber pistol, bearing serial number PGK497;

32. 1-Bushmaster Firearms XM-15-E2S .223-caliber pistol, bearing serial number L2008123;

33. 1-Taurus .38-caliber revolver, bearing serial number LH98147;

34. 1-Twin Pines, Inc. .45-caliber pistol, bearing serial number RIA1001560;

35. 1-Sig Sauer (SIG-ARMS) SIG 516 556-caliber machine gun, bearing serial number 20F007582;

36. 1-Smith & Wesson SW1911 .45-caliber pistol, bearing serial number JRF5649;

37. 1-MAG Tactical Systems, LLC MG-G4 556-caliber rifle, bearing serial number MTS42846;

38. 1-Nighthawk Custom .45-caliber pistol, bearing serial number NCP12431;

39. 1-Superior Arms, Inc. S15 57-caliber pistol, bearing serial number 10636;

40. 1-Mossberg 12-caliber shotgun, bearing serial number K749149;

41. 1-Arsenal Co. Bulgaria SA 93 762-caliber rifle, bearing serial number AB345116;

42. 1-Glock 17 9-mm pistol, bearing serial number PKV005;

43. 1-German Sports Guns GSG-1911 .22-caliber pistol, bearing serial number A431970;

44. 1-Taurus 44 .44-caliber pistol, bearing serial number NL169362; and

45. 1-Kahr Arms-Auto Ordnance CW45 .45-caliber pistol, bearing serial number SG8454.